(Nos. 2749-2750 consolidated—

HALDANE CLEMINSON, No. 2749 AND SOUTHTOWN HOSPITAL CORPORATION, A CORPORATION, No. 2750, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 11, 1937.*

ALTHEIMER, MAYER, WOODS & SMITH, for claimants.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

524

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The above cases were consolidated, as they grow out of the same statement of facts. The claim of Dr. Haldane Cleminson is for the sum of $511.00, and the number of that suit is 2749 and the claim of Southtown Hospital Corporation is for the sum of $388.64, said claim being numbered 2750. Each claim is duly itemized, and said claims are for services rendered to Joseph Reilly, an employee of the State.

In No. 2749 it is alleged that the claimant, being a practicing physician, on November 3, 1934, attended Joseph Reilly, an employee of the respondent in the Department of Highways. It appears that about 6:50 p. m., Reilly was engaged in repairing certain street lights and street barricades at 5200 West Fifty-fifth Street, Chicago, Illinois, in the discharge of his duties, and that while so employed, a certain automobile driven by one Frank Ackerman, a resident of Milwaukee, Wisconsin, collided with him and caused serious injuries so that it was necessary to procure immediate surgical, medical and hospital treatment for Reilly. He was taken to the Southtown Hospital Corporation, 5701 South Wood Street, Chicago, Illinois, and was given emergency and first aid treatment.

Upon an examination of Reilly it was found that he had sustained the following injuries: a multiple compound comminuated spiral fracture of the tibia of the lower left leg, a multiple compound comminuated fracture of the fibula, a laceration of the scalp, and divers other contusions and abrasions about the head, neck and body.

It appears that Dr. Cleminson attended Reilly from November 3, 1934, to and including August 18, 1935, both while he was confined to the Southtown Hospital and after his discharge therefrom, during which time the several fractures sustained by the said Reilly were reduced and a recovery effected under the care and treatment of claimant. A complete statement of the services rendered is included in

the Bill of Particulars attached to the complaint, amounting to $511.00, and this is a reasonable charge for similar services made by physicians and surgeons in Chicago at that time.

On or about October 15, 1935, the claim was presented to the head of the Maintenance Department of the Division of Highways, District No. 10, Department of Public Works and Buildings, and claimant was advised that the claim could not be paid in the due course of administration by the Department for the reason that most of it had been incurred prior to June 30, 1935, which was the close of the biennium of said Department; that thereafter, on October 16, 1935, claimant forwarded to the Division of Highways, his itemized bill, as set forth in the Bill of Particulars, and on October 21, 1935, claimant was advised by C. W. Ross, Engineer of Maintenance, Division of Highways, Department of Public Works and Buildings, that the claim could not be paid in the due course of administration by the Department for the reason above mentioned, and he was advised to file his claim in this court.

It is set forth in the claim that Reilly had received compensation from the respondent in accordance with the provisions of the Workmen's Compensation Act and that the payments were made without any contest.

The claim for hospital services sets up the same statement of facts, and avers that Reilly was taken to the Southtown Hospital Corporation and there received said emergency treatment and other treatment and that Reilly remained a patient of the hospital from November 3, 1934 to and including December 31, 1934, during which time his injuries were treated and he was ministered to, and certain medicines, dressings, splints and other medical accessories were furnished to him by the claimant, being the hospital, and that upon his discharge, there was due and owing to the hospital for services so rendered, the sum of $388.64. This claim was duly itemized.

All of the facts are conceded, and it appears that both parties were duly diligent in the presentation of their claims.

The Compensation Act provides that an employer shall provide the necessary first aid medical and surgical services, and all necessary medical, surgical and hospital services thereafter limited, however, to that which is reasonably required to cure or relieve from the effects of the injury.

It appears from the file that the man responsible for the injury, Frank Ackerman of Milwaukee, Wisconsin, was then a representative of the Dealers Transport Company, 7001 South Chicago Avenue, Chicago, Illinois. His employer was insured with the Employee's Liability Insurance Corporation at 175 West Jackson Boulevard, Chicago, Illinois. It appears that on December 31, 1935, Mr. Kendrick Harger, then a district engineer, attempted to collect the amounts due both claimants from the Employee's Liability Insurance Company, and they refused to pay, claiming that under the provisions of Section 29 of the Workmen's Compensation Act, it was the duty of the State of Illinois to pay the compensation as is presented in these claims, it then being encumbent upon the State to make recovery from the insurance company of the amounts paid by the State to the claimants. While this position is undoubtedly arbitrary, we see no other remedy, and would suggest that an appropriate proceeding be commenced against Ackerman's employer. We feel, however, that before doing this, these claims should be paid. There is no dispute as to the facts, or that the amounts claimed are unreasonable.

In view of the Bill of Particulars filed, we hold that the amounts claimed are reasonable, and, we, therefore, recommend an award to Dr. Cleminson in the sum of $511.00, and to the Southtown Hospital Corporation, an award in the sum of $388.64.